**FILED**
**Jul 10, 2019**
**01:13 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT NASHVILLE

| | | |
|---|---|---|
| Maikel Reazkallah, | ) | Docket No. 2018-06-2210 |
| Employee, | ) | |
| v. | ) | |
| Imperial Guard & Detective Service, | ) | State File No. 80107-2018 |
| Inc., | ) | |
| Employer, | ) | |
| And | ) | |
| Zurich American Insurance Company, | ) | Judge Kenneth M. Switzer |
| Carrier. | ) | |

## EXPEDITED HEARING ORDER

The Court held a hearing on Maikel Reazkallah's request for medical and temporary disability benefits on July 9, 2019. By agreement of the parties, the Court orders that Imperial Guard & Detective Service, Inc. pay a medical bill for emergency care and offer Mr. Reazkallah a panel of physicians. However, Mr. Reazkallah is not entitled to temporary disability benefits at this time.

### History of Claim

On April 21, 2018, Mr. Reazkallah was assaulted while working for Imperial as a security guard. He injured his right hand and left knee during the altercation. Afterward, Mr. Reazkallah sought emergency treatment, where providers recommended he undergo follow-up treatment "with US HealthWorks or another doctor selected by his workers' comp plan." Mr. Reazkallah did not seek additional treatment. He testified that he asked his supervisor to return to a doctor, but the request was denied. Mr. Reazkallah stated his knee still hurts and makes it difficult for him to stand for long periods of time.

Imperial accepted Mr. Reazkallah's claim and paid for some of Mr. Reazkallah's emergency care. Mr. Reazkallah requested payment of a bill from Doverside Emergency Physicians, LLC. Imperial agreed to pay the outstanding bill and to provide a panel of physicians for additional treatment.

1

Regarding his request for lost wages, Mr. Reazkallah testified that after the accident, Imperial changed his job duties and assignments and later cut his hours, all in an attempt to make him quit. Mr. Reazkallah also stated that a manager, "Sammy," harassed him because of his religion. On cross-examination, Mr. Reazkallah acknowledged that the post-accident changes in his work conditions were not due to his workers' compensation claim but rather religious differences. Imperial terminated him in May 2018.

## Findings of Fact and Conclusions of Law

At an expedited hearing, Mr. Reazkallah must present sufficient evidence to prove he is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2018).

Mr. Reazkallah requested temporary partial disability benefits. He is eligible for these benefits if he earned less than his average weekly wage due to work restrictions. *See* Tenn. Code Ann. § 50-6-207(2)(A). Mr. Reazkallah agreed that the changes in his work conditions were not due to his injury or work restrictions but rather the tension between him and his manager due to their different religious beliefs. Therefore, the Court holds Mr. Reazkallah is not likely to prevail at a hearing on the merits and denies his request.

**IT IS, THEREFORE, ORDERED AS FOLLOWS:**

1. Imperial shall offer a panel of orthopedists from which Mr. Reazkallah shall select a physician to treat his knee.

2. Imperial shall pay the Doverside Emergency Physicians bill.

3. The Court denies Mr. Reazkallah's request for temporary disability benefits at this time.

4. This case is set for a status hearing on **August 26, 2019, at 9:30 a.m. Central.** You must call 615-532-9552 or toll-free at 866-943-0025 to participate in the Hearing. Failure to call might result in a determination of issues without your participation.

5. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to

2

WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

**ENTERED July 10, 2019.**

**JUDGE KENNETH M. SWITZER**
**Court of Workers' Compensation Claims**

## APPENDIX

Exhibits:
1. Affidavit
2. First Report of Injury
3. Medical records
4. Doverside Emergency Physicians bill
5. Carrier's proof of payment of medical bills
6. Mr. Reazkallah's deposition transcript

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Employer's Position Statement

# CERTIFICATE OF SERVICE

I certify that a copy of the Expedited Hearing Order was sent as indicated on July 10, 2019.

| Name | Certified Mail | Email | Service sent to: |
|---|---|---|---|
| Maikel Reazkallah, Employee | X | X | 5161 Rice Road, Apt. 261, Antioch TN 37013 Maikel.reazkallah@yahoo.com |
| David Weatherman, Employer's Attorney | | X | David.Weatherman@zurichna.com; Christi.thomas@zurichna.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

4



## Expedited Hearing Order Right to Appeal:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**EXPEDITED HEARING NOTICE OF APPEAL**
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

**Employee** _____

v.

**Employer** _____

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

to the Workers' Compensation Appeals
_____ Board. [List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## Additional Information
**Type of Case** [Check the most appropriate item]

☐ Temporary disability benefits
☐ Medical benefits for current injury
☐ Medical benefits under prior order issued by the Court

## List of Parties
**Appellant (Requesting Party):**_____At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ SF#: _____ DOI: _____

## Appellee(s)

**Appellee (Opposing Party):** _____ At Hearing: ☐ Employer ☐ Employee

Appellee's Address: _____

Appellee's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the _____ day of _____, 20 ___

[Signature of appellant or attorney for appellant] _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____   2. Address: _____

3. Telephone Number: _____   4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

   My employer's address is: _____

   My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

LB-1108 (REV 11/15)                                                                RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental $ _____ per month

| | | | | |
|---|---|---|---|---|
| Groceries | $ _____ per month | Telephone | $ _____ per month |
| Electricity | $ _____ per month | School Supplies | $ _____ per month |
| Water | $ _____ per month | Clothing | $ _____ per month |
| Gas | $ _____ per month | Child Care | $ _____ per month |
| Transportation | $ _____ per month | Child Support | $ _____ per month |
| Car | $ _____ per month | | |
| Other | $ _____ per month (describe: _____ ) | | |

10. Assets:

| | | | |
|---|---|---|---|
| Automobile | $ _____ | (FMV) _____ |
| Checking/Savings Acct. | $ _____ | | |
| House | $ _____ | (FMV) _____ |
| Other | $ _____ | Describe: _____ |

11. My debts are:

Amount Owed            To Whom

_____     _____

_____     _____

_____     _____

_____     _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)

RDA 11082